IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHEVRON INTELLECTUAL PROPERTY LLC, and CHEVRON U.S.A., INC., | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 10-985 |
| KEHM OIL CO., | ) ) | |
| Defendant. | ) | |

AMBROSE, District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Defendant, Kehm Oil Co., filed a Motion to Dismiss the Complaint filed by Plaintiffs, Chevron Intellectual Property, LLC and Chevron U.S.A., Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 5). Plaintiffs have filed a Brief in Opposition. (Docket No. 7). As set forth more fully below, after careful consideration of the Motion and related filings, said Motion (Docket No. 5) is denied.

### OPINION

**I.      Background**

Defendant is conducting business at four locations ("the Properties") which once operated as authorized TEXACO - branded service stations. By June 30, 2006, Defendant was no longer selling or supplying authentic TEXACO products and was no longer an authorized licensee of the Texaco marks, owned by Chevron Intellectual Property LLC. Chevron U.S.A. is the primary licensee of the same. Plaintiffs allege that Defendant continued to use Texaco marks and trade dress through May of 2010. As a result, Plaintiffs filed this action.

The Complaint contains seven counts:

Count I - Infringement of Federally Registered Trademarks, 15 U.S.C. §1114

Count II - Infringement of Common Law Trademark Rights, 15 U.S.C. §1125(a)

Count III - Infringement of Common Law Trademark Rights - Trade Dress, 15 U.S.C. §1125(a)

Count IV - Trademark Dilution, 15 U.S.C. §1125(c)

Count V - Trademark Counterfeiting, 15 U.S.C. §1114(1)(A)

Count VI - Violation of Pennsylvania Trademark Act, 54 Pa. C.S. §1101, *et seq.*

Count VII - Violation of Pennsylvania Common Law of Unfair Competition.

(Docket No. 1). Defendant filed a Motion to Dismiss the entire case. (Docket No. 5). The briefing for the same is complete and the issues are now ripe for review.

## II. Legal Discussion

### A. Standard of Review

Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. Aug. 18, 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing, F.R.Civ.P. 8(a)(2).

**B.    Property Located at 1600 Oakdale Road**

Defendant's argument surrounding the property located at 1600 Oakdale Road is based on the assumption that the alleged infringement is not likely to cause confusion[1] because said

---

[1] To prove trademark infringement/unfair competition under §43(a) of the Lanham Act, a plaintiff must show that:
      a.    The mark is valid and legally protectable;
      b.    The mark is owned by plaintiff; and
      c.    The use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services.
15 U.S.C. §1125(a); *Opticians Assoc. of Am. v. Independent Opticians of Am.,* 920 F.2d 187, 192 (3d Cir. 1990); *A&H Sportswear, Inc. v. Victoria Secret Stores, Inc.,* 237 F.3d 198, 210 (3d Cir. 2000). Where the use of the mark occurred with the plaintiff's permission, the plaintiff must additionally establish that the defendant's continued use of the mark was unauthorized. *S&R*

property is not a property where consumers go to purchase goods, rather it is an "office, warehouse, and storage facility."[2] (Docket No. 6, p. 2). A likelihood of confusion exists "when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 589 F.2d 1225, 1229 (3d Cir. 1978).[3] "There is a great likelihood of confusion when an infringer uses the exact trademark" as the plaintiff. *Opticians,* 920 F.2d at 195.

---

*Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 375 (3d Cir. 1992).

[2] I note that there is no allegation in the Complaint that this facility is only an "office, warehouse, and storage facility." *See,* Docket No. 1. Rather, the allegations are that 1600 Oakdale Road is Defendant's principal place of business, that Defendant is conducting business at that location, and that it once operated as an authorized TEXACO-branded service station that sold authentic TEXACO brand gasoline and related products. (Docket No. 1, ¶¶3, 4, 17).

[3] On the issue of likelihood of confusion, the Third Circuit has identified ten factors to be used in balancing whether the likelihood of confusion exists. *See, Interpace Corp. v. Lapp, Inc.,* 721 F.2d 460, 463 (3d Cir. 1983) and *Scott Paper Co. v. Scott's Liquid Gold, Inc.,* 589 F.2d 1225, 1229 (3d Cir. 1978); *see also, A & H Sportswear v. Victoria Secret Stores, Inc.,* 237 F.3d 198 (3d Cir. 2000). The so-called ten *Scott Paper / Lapp* factors are as follows:

1. Strength of the owner's mark;
2. Similarity of the two marks;
3. Price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase;
4. Length of time the defendant used its mark without evidence of actual confusion;
5. Defendant's intent in adopting the mark;
6. Evidence of actual confusion;
7. Whether the goods are marketed through the same channels of trade and advertised in the same media;
8. The extent to which the parties' sales targets are the same;
9. The relationship of the good in the minds of consumers because of the similarity of function; and
10. Other factors suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market, or that he is likely to expand into that market.

*Lapp,* 721 F.2d at 463; *Scott Paper Co.,* 589 F.2d at 1229. Neither party discusses the *Lapp* factors.

Accepting the allegation of the Complaint as true, as I must at this stage, there could be a likelihood of confusion since a consumer viewing the mark could possibly assume the owner at 1600 Oakdale Road is associated with Defendant since they are using the same mark. (Docket No. 1, ¶18, Ex 13). Consequently, a dismissal at this stage is not warranted.

Additionally, Defendant argues in one paragraph that the property located at 1600 Oakdale Road is housing numerous Texaco products. (Docket No. 6, pp. 2, 4). This allegation is nowhere in the Complaint (*see,* Complaint, Docket No. 1) and, thus, cannot serve as a basis for dismissal.

### C.  Piecemeal Litigation

Finally, in its penultimate three sentence paragraph, Defendant generically argues Plaintiffs' Complaint should be dismissed because it is engaging in piecemeal litigation by filing one case against Golden Oil and one against Kehm Oil when they are both owned by George Kehm. (Docket No. 1, p. 4). While the two entities may be owned by one person, they are separate and distinct legal entities. Thus, allegations against one company do not implicate or otherwise require the joinder of claims against the other. Furthermore, as Plaintiffs point out, at this stage, they have not made any corporate veil piercing allegations. (Docket No. 7, p. 6). Consequently, dismissal is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVRON INTELLECTUAL PROPERTY LLC, and CHEVRON U.S.A., INC., ) ) ) Plaintiffs, ) ) vs. ) ) KEHM OIL CO., ) ) Defendant. ) | Civil Action No. 10-985 |

AMBROSE, District Judge

## **ORDER OF COURT**

And now, this 27th day of September, 2010, upon consideration of Defendant's Motion to Dismiss (Docket No. [5]), it is ordered that said Motion is denied.

A case management conference is scheduled for October 4, 2010, at 10:00 a.m.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge